UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| R D FAMILY, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:21-CV-144-TAV-HBG |
| CENTIMARK CORPORATION d/b/a CENTIMARK ROOF SYSTEMS, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on defendant's motion for summary judgment [Doc. 13]. Plaintiff filed a response [Doc. 15], and defendant filed a reply [Doc. 16]. This motion is now ripe for resolution.

For the following reasons, defendant's motion [Doc. 13] will be **GRANTED**.

**I.     Background**

The parties do not dispute the following facts [*See* Doc. 15 p. 2]. In 2018, plaintiff entered a contract with defendant, a Pennsylvania corporation with its headquarters in Pennsylvania [Doc. 1-1 ¶¶ 2, 6–12; *see also* Doc. 6-1 p. 1]. Pursuant to the contract, plaintiff purchased a roofing system from defendant for installation on plaintiff's building at 5700 Casey Drive in Knoxville, Tennessee [Doc. 1-1 ¶¶ 6–12]. The contract's warranty (the "Warranty") includes a choice-of-law provision that provides Pennsylvania law applies to disputes arising from the Warranty [Doc. 6-1 p. 1]. Additionally, the Warranty

includes a contractual statute of limitations provision that provides, "ANY ACTION . . . TO ENFORCE ANY CLAIMS AGAINST [DEFENDANT], MUST BE COMMENCED WITHIN ONE (1) YEAR FROM THE DATE THAT A DEFECT IN MATERIALS OR WORKMANSHIP, OR OTHER BREACH OR ANY OTHER CLAIM IS DISCOVERED OR REASONABLY SHOULD HAVE BEEN DISCOVERED" [*Id.*].

Nearly one year later, plaintiff sought to convey the building; however, in October 2019, an inspection company reported that a defect in the roofing system caused water to leak and thereby caused property damage [Doc. 1-1 ¶¶ 13–16, pp. 12–18]. Plaintiff informed defendant of the issue and requested defendant to replace the roofing system; however, defendant never remedied the issue [*Id.* ¶¶ 17–19, pp. 20, 23–24].

Thus, on April 1, 2021, plaintiff filed the instant action in Knox County Circuit Court, asserting claims for negligence and construction defects [*See generally id.*]. Defendant removed this action to this Court on April 15, 2021 [Doc. 1]. Presently, defendant moves for summary judgment [Doc. 13]. As noted, there are no issues of material fact; the sole issue is whether plaintiff's claims are time-barred by the Warranty's limitations period and therefore defendant is entitled to judgment as a matter of law.

## II. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court must draw "all reasonable inferences in favor of the nonmoving party."

2

*McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party bears the burden of establishing that no genuine issues of material fact exist and may meet this burden by affirmatively proving its case or by highlighting the absence of support for the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citation omitted). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record, including depositions, documents, affidavits, and other materials, upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A). There must be more than a "mere scintilla of evidence" to withstand a motion for summary judgment. *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007) (citation omitted). And any genuine issue of fact must be material; that is, it must involve "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. The Court may not weigh the evidence or assess credibility; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the nonmovant. *Id.* at 249. If a reasonable juror could not find for the nonmovant, the Court must grant summary judgment. *See Celotex*, 477 U.S. at 323.

### III. Analysis

Defendant avers that Pennsylvania law—rather than Tennessee law—applies under the Warranty's choice-of-law provision. Applying Pennsylvania law, defendant argues the Warranty's one-year statute of limitations applies rather than the longer default statutory limitations period. The Court will first determine whether Tennessee or Pennsylvania law applies as the governing law will provide the standard for determining whether the Warranty's limitations clause governs over the statutory limitations period.

#### A. Choice of Law

Defendant argues Pennsylvania law applies under the Warranty's choice-of-law provision [Doc. 14 p. 3]. Plaintiff responds that Tennessee law applies yet does not explain the basis for its position [*See* Doc. 15 pp. 1, 3, 7].[1]

In diversity actions, federal courts must apply the forum state's choice-of-law rules, and thus, Tennessee's choice-of-law rules apply in this case. *Performance Contracting Inc. v. Dynasteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014) (citation omitted). Tennessee courts apply the law of the jurisdiction where the contract was executed unless the parties express contrary intent. *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 645 (6th Cir. 2013) (citing *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999)). Thus, where parties include a choice-of-law provision in a contract (and thereby

---

[1] On the issue of choice of law, plaintiff avers only that defendant's motion fails even if Pennsylvania law applies [Doc. 15 p. 5]. But plaintiff provides no argument as to its position that Tennessee law applies or to combat defendant's contention that the Warranty's choice-of-law provision governs.

4

express a contrary intent), a Tennessee court will broadly construe and enforce that provision "so long as the provision was executed in good faith, there is a material connection between the law and the transaction, and the chosen law is not contrary to the fundamental policies of Tennessee." *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 810 F. App'x 389, 399 (6th Cir. 2020) (citations omitted). The provision must also be "reasonable and not merely a sham or subterfuge." *Blackwell ex rel. Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 632 (Tenn. Ct. App. 2017) (citation omitted).

The Court finds this case is governed by Pennsylvania law. The Warranty clearly provides that disputes arising from the Warranty are "governed by Pennsylvania law" [Doc. 6-1 p. 1], and no circumstances suggest the Court should not enforce this provision. There is no suggestion the provision was included in bad faith; indeed, the complaint does not even submit that defendant's alleged misconduct was intentional or in bad faith. Moreover, there is a material connection between Pennsylvania law and the instant transaction because defendant's headquarters is in Pennsylvania. Additionally, the Pennsylvania law that applies as described *infra* is not presented as contrary to any fundamental polices of Tennessee. For the same reasons, the Court also finds the choice-of-law provision is reasonable and not a sham.

Therefore, the Court will apply Pennsylvania law in considering the statute of limitations issue.

5

## B. Statute of Limitations

Defendant argues that Pennsylvania law requires the Court to apply the Warranty's one-year limitations period rather than any default statutory limitations period [Doc. 14 pp. 3–4]. Plaintiff responds that the statutory limitations period applies because plaintiff's claims are tort claims rather than contract claims as illustrated by the fact that plaintiff seeks property damages that do not derive from a breach of any specific promise in the parties' contract [Doc. 15]. Defendant replies that the fact that plaintiff seeks property damages is not dispositive because the Warranty specifically states all claims arising from the Warranty are subject to a one-year limitations period [Doc. 16].

Pennsylvania courts enforce contractual limitations periods "so long as they are not manifestly unreasonable." *See Koert v. GE Grp. Life Assur. Co.*, 416 F. Supp. 2d 319, 322 (E.D. Pa. 2005) (citing 42 Pa. Cons. Stat. § 5501(a) (2005)). The Pennsylvania Supreme Court has upheld contractual limitations provisions providing for limitations periods as brief as one year. *See N. Am. Elite Ins. Co. v. Victory Prot., Inc.*, No. 17-3554, 2018 WL 4051803, at *2 (E.D. Pa. Aug. 24, 2018) (citing *Lardas v. Underwriters Ins. Co.*, 231 A.2d 740, 742 (Pa. 1967)). And the Middle District of Pennsylvania has upheld a contractual limitations period as brief as six months. *See Evans v. Gordon Food Servs.*, No. 3:14-CV-1242, 2015 WL 4566817, at *11 (M.D. Pa. July 29, 2015).

As a preliminary matter, the Court finds the Warranty's one-year limitations period applies in this case. The Warranty's limitations period applies to "ANY CLAIMS AGAINST" defendant to run "FROM THE DATE THAT A DEFECT IN MATERIALS

6

OR WORKMANSHIP, OR . . . ANY OTHER CLAIM IS DISCOVERED OR REASONABLY SHOULD HAVE BEEN DISCOVERED" [Doc. 6-1 p. 1]. Consequently, this provision applies regardless whether plaintiff's claims are tort claims or contract claims because they fall within the category of "ANY CLAIMS AGAINST" defendant arising from the Warranty and the Warranty does not distinguish between tort claims and contract claims [*See id.*].

Moreover, the Court finds the Warranty's limitations period is reasonable. Courts have routinely upheld limitations periods as brief as one year. *See, e.g.*, *N. Am. Elite Ins. Co.*, 2018 WL 4051803, at *2 (citation omitted); *see also Evans*, 2015 WL 4566817, at *11. Further, the Western District of Pennsylvania upheld an identical contractual limitations provision in a similar case involving defendant. *See Buddy's Plant Plus Corp. v. CentiMark Corp.*, No. 10-670, 2013 WL 169697, at *3, *9 (W.D. Pa. Jan. 16, 2013). What is more, the limitations period began only after plaintiff discovered the alleged defects, and therefore, the provision provided plaintiff ample time to present its claims.

Plaintiff's primary defense is that the default statutory limitations period should apply because plaintiff's claims are tort claims rather than contract claims under *Bruno v. Erie Insurance Company*, 106 A.3d 48 (Pa. 2014) [*See generally* Doc. 15]. In *Bruno*, the Pennsylvania Supreme Court discussed Pennsylvania's "gist of the action doctrine," which determines whether a claim derives from tort law or contract law. *See* 106 A.3d at 68–69. Specifically, the doctrine provides:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do

7

> something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. . . . If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort. . . .
>
> Consequently, a negligence claim based on the actions of a contracting party in performing contractual obligations is not viewed as an action on the underlying contract itself, since it is not founded on the breach of any of the specific executory promises which comprise the contract.

*Id.* at 68–70 (citations omitted).

The gist of the action doctrine applies when whether claims resound in tort law or contract law is outcome-determinative, and therefore, the doctrine applies when the issue is whether a statute of limitations bars a claim. *N.Y. Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x, 70, 73 n.3 (3d Cir. 2016) (citation omitted); *Etman v. Greater Grace World Outreach, Inc.*, No. 1:17-CV-473, 2018 WL 1054514, at *4 (N.D.N.Y. Feb. 23, 2018) (citation omitted). Accordingly, plaintiff argues his claims are tort claims to take advantage of the longer tort statute of limitations.

The Court rejects plaintiff's argument because the gist of the action doctrine does not apply in this case. Again, the parties validly agreed to a one-year contractual limitations period. Thus, even if plaintiff's claims are tort claims under the gist of the action doctrine, that doctrine does not apply because it need not apply. Stated differently, the doctrine is not outcome-determinative in this case because the parties have independently agreed to a

8

different limitations period that is independent of the default tort statute of limitations.[2] Plaintiff does not suggest a contractual limitations clause cannot reduce the limitations period for tort claims, and any such suggestion would be false. *See N. Am. Elite Ins. Co.*, 2018 WL 4051803, at *3, *3 n.4 (applying a contractual limitations provision to bar tort claims and collecting cases) ("Plaintiff . . . points to no case suggesting that a contract provision abbreviating the limitations period for a state law tort claim to one year is manifestly unreasonable."); *Evans*, 2015 WL 4566817, at *11 (same) ("Plaintiff has cited no authority for her assertion that a six-month limitations period is unreasonable, either generally or in the context of a state law tort claim.").

In sum, the Warranty's one-year limitations period is applicable. Applying that provision, the Court finds plaintiff filed its complaint after the one-year limitations period expired. The record indicates that plaintiff became aware of the alleged defect in the roofing system in October 2019 [*See* Doc. 1-1 ¶¶ 16–17]. Yet plaintiff did not file its complaint until April 2021, more than one year later [*See id.* at 1]. Therefore, the Court finds that plaintiff's claim is time-barred by the Warranty's limitations period.

Accordingly, the Court will **GRANT** defendant's motion for summary judgment.

---

[2] The Court therefore does not need to address whether plaintiff's claims are in fact tort claims under the gist of the action doctrine. Nevertheless, the Court notes the gist of the action doctrine likely renders plaintiff's claims contract claims rather than tort claims because the Warranty required defendant to install the roofing system in a workmanlike manner [*See* Doc. 6-1 p. 1 (providing that defendant "will repair any leaks resulting from defects in the materials or workmanship")]. *See Catena v. NVR, Inc.*, No. 2:20-CV-160-MJH, 2020 WL 3412348, at *8 (W.D. Pa. June 22, 2020) (finding that the plaintiffs' claims for fraud and negligent misrepresentation based on defects in the construction of the plaintiffs' home were contract claims because the contract required the builder to deliver the home free of defects).

## IV. Conclusion

For the reasons set forth above, defendant's motion for summary judgment [Doc. 13] will be **GRANTED**, and all claims against defendant will be **DISMISSED**.

A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE